252 F.2d 288
 Alfonso Garces MOSCO, Appellant,
v.
THE Liberian SS JOSEPH FEUER, her boats, engines, tackle, apparel, etc., J. A. Loken, a non-resident, as Master, John Doe, a non-resident, as Chief Mate, and Contiship Corp., a foreign corporation or association, as Owner and/or Operator of the Liberian SS Joseph Feuer, Appellees.
 No. 7570.
 United States Court of Appeals Fourth Circuit.
 Argued January 22, 1958.
 Decided February 18, 1958.
 
 Jacob L. Morewitz, Newport News, Va. (Morewitz & Morewitz, Newport News, Va., on the brief) for appellant.
 Charles R. Dalton, Jr., Norfolk, Va. (Seawell, Johnston, McCoy & Winston, Norfolk, Va., on the brief) for appellees.
 Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is another seaman's case, like Agelidakis v. The Arietta, 4 Cir., 252 F. 2d 287, in which counsel have failed to comply with our rules as to filing of briefs, after due notice that the rules would be enforced; and in this case, as in that, we do not think that the appeal has sufficient merit to warrant our overlooking violation of the rule. It appears that after libellant filed a libel at Newport News, Virginia, against the SS Joseph Feuer, claiming damages on account of assault by the Chief Mate and for failure to furnish medical treatment, he filed a libel in New York for the same claims, employing New York counsel and discharging counsel at Newport News. Later, the case was settled by New York counsel and libellant signed a release upon the payment to him of $843.00. The judge below awarded Newport News counsel of libellant a fee of $168.00 for services rendered in the case, being approximately 20% of the settlement made. No one seems to know where libellant is now and counsel admit that they are not in touch with him. While we would regard the case as one which should be inquired into, if the libellant were now before us asking relief, we do not think that in the existing situation there is sufficient merit in the appeal to justify our overlooking violation of our rules.
 
 
 2
 Appeal dismissed.